## DAVID FRANKS v. MICHAEL STIVERS.

1792.

THIS was an action of Trover for three barrels of spirits, and one of sherry wine. The case was thus. Stivers, a waggoner, undertook, at *Philadelphia*, to carry these and other goods from *Philadelphia* to the mouth of *Buffaloe*, on the *Ohio*, at a certain place ; received part of the money at *Philadelphia*, and was to receive the rest on the delivery of the goods to *N. Mc-Farlane*, at the mouth of *Buffaloe*.

Before *Stivers* arrived at *Pittsburgh*, on his way to *Buffaloe*, *McFarlane* died; and *L. Brinson*, an agent of *Franks*, in room of *McFarlane*, agreed to take the goods at *Pittsburgh*, and send them to *Buffaloe* by water, deducting a certain part of the agreed price of carriage. The goods were accordingly delivered at *Pittsburgh*, except the goods in question, which were detained for the carriage, and stored up sixteen weeks; after which on reasonable advertisement, they were sold by *Stivers*, at public sale. Taking all things into view, there then remained a balance in *Stiver's* hands of 5*l*. 6*s*. 2*d*. The goods were all bought by the agent of *Franks*, for his use, so that he suffered no damage, but from not having the overplus of 5*l*. 6*s*. 2*d*.

*Brackenridge*, for the defendant. *Stivers*, a common carrier, had a right to retain till the carriage was paid. The inconvenience would be intolerable, if an obstinate owner might let the goods lie as long as he pleases.— The carrier, at a distance from home, having no place to keep the goods, might be obliged to pay storage, till, perhaps, the whole value of the goods be consumed, and no value remain, to satisfy the carriage. The carrier, trusting to the price of his carriage, has, perhaps, nothing else, to support himself and team, on his way home again. Therefore, having performed his service, by carrying the goods to the place agreed on, he has not only a lien on the whole goods, but, on refusal of payment, an absolute property in so much of them, as will pay the carriage. This is not like the case of a pledge, where the parties have no vesting of the property in view, and where the owner may have his goods, on payment of the money, and the lender, having no special

2 *Ld. Ray*, 752.
2 *Esp.* 345.

time of payment, has no view to any inconvenience, that may happen. This is a new cafe: for, in former cafes, the retaining of the goods has been a fufficient compulfion to pay the carriage. And, in this cafe, the fale of the goods has operated merely in the fame manner, as a compulfion on the owners, to come forward, take their goods, and pay the carriage: for the owner has bought all, and got the goods, and fo has received no damage except from the non-payment of the balance remaining in the defendant's hand. For this, a complete tender not having been made, there muft be a verdict.

*Woods*, for the plaintiff. The inconvenience would be greater, if a carrier could immediately fell the goods, than if he muft wait for his price, till the owner come and claim them. For, generally, the owner is under fufficient inducement from the value of the goods, to pay their carriage, and take them away. The power claimed for carriers, and exercifed by the defendant, is againft all law. And the court ought to declare fo.

PRESIDENT. As it is admitted, that there ought to be a verdict againft the defendant for the furplus; as the want of this is the only real damage, which the plaintiff has fuffered; and as the fale was occafioned by his own grofs delinquency; this does not feem to be a cafe proper for damages beyond mere compenfation; and it is therefore uneceffary for us, to fay any thing as to the right of carriers, in fuch cafes; and perhaps, it will conduce moft to juftice, if they and owners, have a refpect for the rights of each other.

Verdict for plaintiff accordingly.