**J.M. MILLER, Plaintiff,**

v.

**James A. BAKER, Secretary of State, Defendant.**

**Civ. A. No. 90–409.**

United States District Court, District of Columbia.

Oct. 22, 1990.

Michael J. Madigan, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for plaintiff.

Richard Reback, Asst. U.S. Atty., Washington, D.C.

William O. Wallace, U.S. Dept. of State, State Dept. Grievance Staff, Rosslyn, Va.

## MEMORANDUM AND OPINION

REVERCOMB, District Judge.

### I. *Background*

The unusual factual development of this case has highlighted an ambiguity in the provisions of the Foreign Service Act of 1980, 22 U.S.C. § 3901 *et seq.* This ambiguity involves the interplay of the Secretary of State's ("Secretary") authority to terminate nontenured members of the Foreign Service at any time and the authority of the Foreign Service Grievance Board to suspend termination in certain cases. Although this Circuit has confronted the relevant provisions of the FSA in other cases, this case presents a novel fact pattern to the Court.

The plaintiff first entered service with the Department of State ("Department") under a limited appointment to the Foreign Service in June 1978. The FSA requires persons seeking a career appointment to first serve under a limited appointment as a career candidate for a trial period. During the trial period, the Secretary will decide whether to grant the individual tenure to a career appointment. FSA § 306(a), codified at 22 U.S.C. § 3946(a). The term of a limited appointment may not exceed five years, unless extended. If tenure is not granted during the trial period, the individual will be separated from the Service at the expiration of the limited appointment term. FSA § 309(a), codified at 22 U.S.C. § 3949(a). In 1983, plaintiff's limited appointment was extended for an additional five years.

According to this scheme, plaintiff received notice on April 8, 1988, that because she had not been granted tenure, she would be separated from the service at the expiration of her limited appointment in June of 1988. On June 2, 1988, plaintiff filed a grievance with the Department of State "asserting that she received inaccurate, erroneous, and falsely prejudicial employee evaluation reports which impacted her opportunity for tenure." Pl. Memorandum at 6. The FSA establishes procedures for the filing and consideration of grievances by members of the foreign service. FSA §§ 1101–1110, codified at 22 U.S.C. §§ 4131–4140. The Act defines what constitutes a grievance by listing acts included in the term and those excluded. The language of the definition provision relevant to this case states:

> (a)(1) Except as provided in subsection (b) of this section, for purposes of this subchapter, the term "grievance" means any act, omission, or condition subject to the control of the Secretary which is alleged to deprive a member of the Service who is a citizen of the United States of a right of benefit authorized by law or regulation or which is otherwise a source of concern or dissatisfaction to the member, including—
>
> \* \* \* \* \* \*
>
> (E) alleged inaccuracy, omission, error, or falsely prejudicial character of information in the official personnel record of the member which is or could be prejudicial to the member
>
> \* \* \* \* \* \*
>
> (b) For purposes of this subchapter, the term "grievance" does not include—
>
> \* \* \* \* \* \*
>
> (3) the expiration of a limited appointment, the termination of a limited appointment under section 4011 of this title [FSA § 611]....

FSA § 1101, codified at 22 U.S.C. § 4131. Thus, as the plaintiff acknowledges, while the expiration of her limited appointment is

not grievable, alleged errors in her personnel file may be grieved.

The grievance procedure established by the FSA, as implemented by Department of State regulations, provides for agency consideration of the grievance by the agency's grievance staff prior to consideration by the Foreign Service Grievance Board ("Board"). FSA §§ 1105–1107, codified at 22 U.S.C. §§ 4135–4137; 22 C.F.R. ch. I, pt. 16. In plaintiff's case, the grievance staff denied her grievance on January 13, 1989.

Plaintiff then appealed to the Board and requested the Board to suspend her separation from the service pending the resolution of her grievance. Section 1106(8) of the FSA empowers the Board to require the Department to suspend any action to terminate a grievant until the grievance is resolved "[i]f the Board determines that the Department is considering the involuntary separation of the grievant . . . which is related to a grievance pending before the Board and that such action should be suspended." 22 U.S.C. § 4136(8). On August 7, 1989, the Board issued an Order finding that it had jurisdiction to hear plaintiff's grievance and requiring the Department to suspend plaintiff's separation from the service pending the Board's resolution of her grievance.

The Department contested the Board's authority to issue the interim order, arguing that the Board has no authority to hear a grievance concerning the expiration of a limited appointment. In support of this argument, the Department cited *Haynes/Sethi v. Schultz*, Civ. Nos. 83–2404 and 83–2446 (D.D.C. Sept. 1, 1983). The *Haynes/Sethi* case involved the issuance of a Board order suspending a limited appointee's termination by the Department pursuant to FSA § 611. Section 611 states: "Except as provided in section 610(a)(2), the Secretary may terminate at any time the appointment of any member of the Service serving under a limited appointment. . . ." FSA § 611, codified at 22 U.S.C. § 4011. Section 610(a)(2) applies in cases where the termination is "by reason of misconduct" and requires, in such cases, that a hearing be held before the separa-

tion. FSA § 610(a)(2), codified at 22 U.S.C. § 4010(a)(2). In *Haynes/Sethi*, two limited term AID employees, after being notified of their termination pursuant to § 611, brought grievances challenging personnel evaluations and requesting the Board to suspend their separation from the Department. The Board issued the interim order, which the Department challenged.

The Court held that the Board could not use its suspension authority under § 1106(8) to prevent the Department from exercising its power to terminate limited term appointees under § 611. In support of its conclusion, the Court noted that § 611 authorizes the Secretary to terminate limited appointees "at any time," the only exception being in cases of misconduct. The Court also recognized the fact that the statutory definition of the types of actions which are grievable to the Board expressly excludes "the termination of a limited appointment under section 611." Finally, the Court explained that to allow the Board to suspend separation ordered pursuant to § 611 would eviscerate the Secretary's authority under that section to terminate limited appointments "at any time."

In granting plaintiff's request for interim relief in this case, the Board found the rationale of the *Haynes/Sethi* case inapplicable. The Board distinguished *termination* of a limited appointment pursuant to § 611 from *expiration* of a limited appointment pursuant to § 309 and held that it could exercise its authority under § 1106(8) to suspend the expiration of an appointment pursuant to the latter provision. Pl. Motion Ex. D.

In a memorandum dated September 7, 1989, the Department rejected the distinction drawn by the Board but explained that rather than contesting the Board's interim order, the Department had decided to terminate the plaintiff pursuant to § 611. Pl. Motion Ex. E. The Board then issued another Order in which it called the Department's intended action under § 611 a "clear violation of our Order of August 7, 1989." Pl. Motion Ex. G. The Board asserted that: "Neither the Board's order nor the purpose of section 1106(8) can be circumvented by

shifting the grounds for a proposed 'involuntary separation.' Once an order suspending a proposed 'involuntary separation' has been issued by the Board, action to separate the member shall not be taken by the agency." *Id.* The Board thus reaffirmed its earlier Order directing the Department not to separate the plaintiff from her appointment pending resolution of her grievance.

On February 2, 1990, the Department notified plaintiff that she would be separated from the Foreign Service on February 24. Plaintiff filed this action on February 22, and the Court held a hearing on plaintiff's petition for a temporary restraining order on February 23. The TRO was denied, and plaintiff was separated from the service on February 24. Subsequently, the Board rendered a final resolution of plaintiff's grievance in favor of the Department. Plaintiff does not challenge the merits of the final Board resolution but seeks back pay for the period beginning at her termination from the Service up to the date of the Board's resolution of her grievance.

## II. *Analysis*

In support of her motion for summary judgment, the plaintiff makes two related arguments. First, she asserts that she was terminated from her appointment pursuant to § 309, not § 611, and for that reason her termination is not precluded from suspension by the Board. Second, she claims that the Department cannot invoke its authority under § 611 to separate a limited appointee once the Board has issued a valid order suspending the plaintiff's separation from the Department.

Both arguments stem from a conflict between the Board's power to suspend termination pursuant to § 1106(8) and the Secretary's power under § 611 to terminate a limited appointee "at any time." Layered on top of these two provisions is the confusing manner in which the Board's grievance review power operates in this case. According to the statutory definition of grievance, the Board is prohibited from re-

viewing the termination or expiration of a limited appointment, but the Board can review an alleged error in a grievant's personnel file.[1] By availing herself of the grievance procedures to challenge the content of her employee evaluation reports and then requesting a suspension of the expiration of her limited appointment, however, plaintiff was able to achieve the same result as if she had been permitted to grieve her denial of tenure. At oral argument, plaintiff's counsel acknowledged this fact but asserted that such a result was permitted by the statutory scheme. Moreover, plaintiff claims that such a result is necessary to protect the rights provided to nontenured employees under the grievance system.

The plaintiff adopts the Board's position that *Haynes/Sethi* decision does not govern this case. Rather, because plaintiff's appointment expired pursuant to § 309 and because the Board's original interim order was issued before there had been any exercise of § 611 discretion, plaintiff claims that the Department should not be able to avoid compliance with a valid Board order suspending termination by invoking its § 611 authority.

In support of her claim, the plaintiff points out that nothing in § 1106(8) specifically states that the Board's power to suspend termination cannot be applied to termination actions taken by the Secretary under § 611. Section 1106(8) specifically states that the Board's authority to suspend termination shall not apply in cases in which (1) the agency determines in writing that the grievant's exclusion is necessary to the functioning of the office to which the grievant is assigned, or (2) the Secretary determines that there is reasonable cause to believe that the grievant has committed a job-related crime punishable by imprisonment. Since specific situations are excepted from the Board's § 1106(8) authority, and since termination under § 611 is not included among the exceptions created, plaintiff argues that the Board's authority to suspend termination cannot be circum-

---

1. The Department explained this distinction relevant to the grievance rights of nontenured employees when it notified the plaintiff of her denial of tenure. Pl. Motion Ex. B.

vented by a subsequent termination under § 611.

The Department's argument to the contrary is based on the same logic as the plaintiff's, but the Department asserts the supremacy of its § 611 power over the Board's 1106(8) authority. The Department argues that there is only one express limitation to the grant of authority to the Secretary to terminate limited appointees "at any time," and that exception only applies in cases where the termination is by reason of misconduct. Since the statute places no other limitations on the power it grants to the Secretary, no other exceptions can be read into that authority. Thus, a Board order suspending the expiration of plaintiff's limited appointment does not preclude the Secretary from terminating plaintiff pursuant to § 611.

In support of its position, the Department cites the recent case from this Circuit, *United States Information Agency v. Krc*, 905 F.2d 389 (1990). In *Krc*, the plaintiff argued that despite the agency's claim that it had terminated his limited appointment pursuant to § 611, he was actually terminated by reason of his conduct and, therefore, his termination was grievable. Although noting that "[a] Foreign Service member terminated pursuant to § 611 has few avenues of appeal," the court of appeals stated that §§ 610 and 611 "permit a Foreign Service member to grieve the question of whether USIA's *classification* was legitimate, as USIA would act 'contrary to law[ ]' if it professed to terminate a limited appointee under § 611 when the termination was actually due to the appointee's misconduct." Since the court found that the record did not indicate that Krc had been terminated for misconduct, it held that the Board was precluded from reviewing Krc's termination. 905 F.2d at 394.

The defendant argues that since its decision to terminate the plaintiff's limited appointment under § 611 was not restricted by the suspension order in force at the time of its determination, its exercise of § 611 authority was valid and, according to both the statute and case law, is not reviewable.

The defendant claims that the *Haynes/Sethi* and *Krc* decisions control this case. The *Haynes/Sethi* decision establishes that the Board may not direct the retention of nontenured employees, and the *Krc* decision limits the Board's review of § 611 actions to cases where the grievant claims to have been terminated for misconduct. Both cases recognize the supremacy of § 611 over any power the Board might have under § 1106(8).

Plaintiff contends that neither decision applies to this case. First, the special factual predicates to the Department's exercise of § 611 authority in this case render the *Haynes/Sethi* decision inapposite. Since the Board had issued a valid order under § 1106(8), plaintiff claims that the Department is precluded from exercising its § 611 authority and that the *Haynes/Sethi* decision is limited to cases where the Board seeks to issue a suspension order *after* there has been a § 611 action. In addition, plaintiff proposes a broad reading of the *Krc* decision which would permit Board review whenever a grievant challenges the Department's classification of his or her termination as a § 611 termination.

The Court cannot accept plaintiff's reading of the *Krc* decision. The Court of Appeals' decision rested on the express relationship between the power vested in the Secretary by § 611 and the explicit exception to that power specified in the statute. Plaintiff does not claim to have been terminated by reason of misconduct; accordingly, plaintiff cannot use the *Krc* decision to support its claim that the Board is authorized to intervene in the Department's exercise of its § 611 power after such power has been legitimately exercised.

Thus, the issue in this case reduces to whether the Board can exercise its § 1106(8) authority *prospectively* to stay the § 611 termination of a nontenured appointee. The issue is really one of assigning priority to the two statutory provisions. Since neither expressly references the other, the plain language of the provisions does not resolve this question. Moreover, although the *Haynes/Sethi* decision prohibited the Board's use of § 1106(8) to sus-

pend a previous § 611 termination, that case did not consider prospective use of the suspension power to stay a future exercise of § 611 by the Department.

The Department asserts that § 1101, in defining what constitutes a grievance, establishes the supremacy of § 611 over the Board's suspension authority regardless of when § 611 authority is invoked. The Court recognizes that the Board is expressly prohibited from reviewing the expiration or termination of a limited appointment, but the Board is nonetheless empowered to suspend such actions if it is considering a valid grievance related to the involuntary separation. The legislative materials relevant to these provisions provide no insight into how these two competing powers were intended to operate in relation to one another.[2]

The plaintiff argues that, when a case involves a statutory conflict, "[t]he reviewing court has the task of ensuring that an appropriate harmonization of the conflicting provisions has been effected by the administering agency." Pl. Reply at 10 (citing *Citizens to Save Spencer City v. EPA*, 600 F.2d 844 (D.C.Cir.1979)). In so doing, according to the plaintiff, this Court must "temper[] the Department's use of section 611[] when the employee grievance process as [sic] been activated." Pl. Reply at 11. Plaintiff's argument assumes that nontenured members of the Foreign Service, although basically at-will employees during the term of their limited appointments, were granted certain rights by Congress when it enacted the grievance procedures of the FSA. Plaintiff explains her approach to reconciling her rights under

the grievance provisions with the Secretary's broad power under § 611:

The Department, in Miss Miller's case, chose to initiate her separation from the service pursuant to section 309. Once it activated Miss Miller's separation under section 309, the Department necessarily subordinated its authority to subsequently separate Miss Miller under section 611 to her due process rights. This approach also protects the purpose and intent of the Act. The Department's authority to terminate limited appointees can occur "at any time". That time, however, must be consistent with the grievance structure that Congress devised. Any less would grant the Department the unbridled licence to supersede the authority Congress conferred upon the Grievance Board.

Pl. Reply, at 11.

The "due process" rights claimed by the plaintiff are her rights to have her expiration stayed when the Board determines that the expiration is related to a valid grievance pending before it and that the expiration should be suspended. However, those rights are eclipsed by the clear statutory language excluding review of expiration or termination of limited appointments from the Board's purview. Moreover, plaintiff's alleged "rights" only arose as a result of the fortuitous manner in which her termination was effected. Had the Department simply invoked § 611 to terminate the plaintiff's appointment rather than waiting for the appointment's term to expire pursuant to § 309, plaintiff would have had no opportunity to seek a suspension of her termination, since the *Haynes/Sethi* decision clearly establishes that the Board

---

**2.** In fact, the section-by-section analysis of § 611 set forth in the Senate Report to the FSA raises additional questions. The analysis states:

Section 611 provides that the Secretary may at any time terminate the limited appointment of any member of the Service who is paid a salary specified for the Senior Foreign Service or under the Foreign Service Schedule. Among those serving under limited appointments are career candidates (cf. section 306(a)) and noncareer appointees. ... *This section does not apply to expiration of a limited or temporary appointment at the end of its specified term.*

S.Rep. No. 465, 96th Cong., 2d Sess. 56, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4419, 4474 (emphasis added). The meaning of the last sentence in the analysis is not clear to the Court. It could be read to preclude the Department's exercise of § 611 power in this case, because the plaintiff's limited appointment had expired at the time she was terminated. However, this Court finds that because the Board's order had the effect of postponing the expiration of plaintiff's appointment, in a literal sense, this language in the Senate Report does not apply.

cannot intervene to suspend a § 611 termination after such a termination has been ordered. For these reasons, the Court is not persuaded to read the grievance provisions as creating the procedural rights claimed by the plaintiff.

In addition, the Court believes that it should not read into this statutory scheme additional limitations on the Department's authority to terminate nontenured appointees. As § 611 reflects, subject to only limited exceptions, limited appointees serve at the will of the Secretary. Although Congress has provided certain procedures for the raising and consideration of grievances by Foreign Service employees, that scheme provides only limited rights to nontenured appointees. Because members of the foreign service hold positions of great importance and responsibility as representatives of the Department of State and the U.S. Government, this Court will not circumscribe the Secretary's discretion to control that membership in the absence of a clear statutory mandate.

Accordingly, although acknowledging significant ambiguities in the conflicting provisions of the grievance system, this Court finds the defendant's reading of the statute to be most consistent with the limited procedural rights granted to nontenured appointees by the FSA. Defendant's motion for summary judgment, therefore, is GRANTED, and plaintiff's motion for summary judgment is DENIED.