# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 14, 2022   Decided March 7, 2023

No. 21-5140

JULIE A. BEBERMAN,
APPELLANT

v.

ANTONY J. BLINKEN, SECRETARY OF STATE, IN HIS OFFICIAL
CAPACITY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00873)

*Peter J. Lynch* argued the cause for appellant. On the briefs was Julie A. Beberman, pro se.

*Christopher C. Hair*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *R. Craig Lawrence* and *Peter C. Pfaffenroth*, Assistant U.S. Attorneys. *Stephanie R. Johnson*, Assistant U.S. Attorney, entered an appearance.

Before: RAO and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*: Julie Beberman asked the Foreign Service Grievance Board to review the Foreign Service's decision to deny her tenure. While the Board was considering her grievances, Beberman asked the Board to grant "interim relief." That relief would have let Beberman keep working for the Foreign Service until her case was decided. But the Board refused to grant it. So Beberman filed this suit, claiming that the Board should have given her relief.

After Beberman lost in the district court and appealed to this court, the Board reached final decisions on her grievances.

Those decisions moot Beberman's request for interim relief. It is too late for the Board to reconsider its interim-relief decisions, so reversing and remanding would change nothing. And though Beberman's complaint asked for backpay, she is not entitled to that remedy. We thus affirm the district court's decision to dismiss Beberman's backpay claim, and we dismiss Beberman's appeal of her interim-relief claims as moot.

I

Career candidates in the United States Foreign Service are hired for a limited term but become eligible for permanent positions after three years. *See* 22 U.S.C. § 3949; 22 C.F.R. § 11.20(a)(3). Candidates who are not offered tenure within five years must leave the service. *Id.*

That is what happened to Beberman. The Foreign Service Commissioning and Tenure Board denied her tenure and "recommended [her] for separation from the [s]ervice." Govt. Add. 46.

Beberman appealed the Tenure Board's decisions to the Foreign Service Grievance Board, which adjudicates employment complaints by Foreign Service employees. *See* 22 C.F.R. § 901.18. In total, Beberman filed five grievances with the Board, challenging a hodgepodge of the Service's decisions.

While each of those grievances was pending, Beberman asked the Grievance Board for interim relief. Interim relief lets the Board stop employees' "involuntary separation" from the Foreign Service while the Board resolves their grievances. 22 U.S.C. § 4136(8).

The Board rejected all of Beberman's interim-relief petitions. Undeterred, she asked the Board to reconsider. Again, it declined. As a result, Beberman left the Foreign Service in late 2019, while her grievances were still pending before the Board.

Rather than waiting for the Board's final decisions, Beberman filed suit in federal district court. She challenged the Board's denials of interim relief, its refusals to reconsider those denials, and its failure to compel discovery in one of her interim-relief petitions.

The district court dismissed Beberman's suit, finding that she could not seek judicial review of the Board's actions until the Board had reached a final decision on the merits of her grievances. *See* 22 U.S.C. § 4140(a) (authorizing "judicial review of a *final* action of the Secretary or the Board on any grievance" (emphasis added)).

Beberman appealed. We took briefing and heard argument on whether Beberman's claims were premature. But since

then, the Grievance Board has reached final decisions on all of Beberman's grievances.

That development moots Beberman's petition for judicial review of the Board's interim-relief decisions.

## II

Federal courts may hear only "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl. 1. So litigants must have a "legally cognizable interest, or personal stake, in the outcome of the [case]." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (cleaned up). That requirement ensures that courts stick to their "constitutionally limited role of adjudicating actual and concrete disputes" and do not issue free-roving advisory opinions. *Id.*; *see also Hayburn's Case*, 2 U.S. (2 Dall.) 408 (1792).

At "all stages of litigation," litigants must show that "an 'actual controversy' persist[s]." *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013). If an intervening development deprives a litigant of a stake in the outcome of the suit, "the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare*, 569 U.S. at 72. A claim becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up).

Here, this court can do nothing to remedy the Board's failure to give interim relief. Consider the two remedies Beberman requested in her complaint.

5

A

First, Beberman asked the district court to reverse the Board's interim-relief decisions and to remand to the agency for reconsideration. But that request is now moot. Interim relief is a stop-gap measure that preserves the status quo while the Board considers a grievance. It has no place where, as here, the Board has reached a final decision. *See Aragon v. Tillerson*, 240 F. Supp. 3d 99, 107 (D.D.C. 2017) (interim relief is for when a plaintiff is "likely to prevail on the merits"). So reversing the Board's decisions and remanding to the agency would make no difference.

The Foreign Service Act confirms as much. Under the Act, interim relief lets the Board stop the Foreign Service from "involuntar[ily] separat[ing]" an employee only when that separation is "related to a grievance *pending* before the Board." 22 U.S.C. § 4136(8) (emphasis added). If no grievance is pending, the Board has no power to issue interim relief.

That is the case here. The Board has reached final decisions on all Beberman's grievances. And it "denied [her] request to file a motion for reconsideration." Beberman Sup. Br. 8.

B

Second, in a single sentence of her complaint, Beberman asked the district court to "[o]rder backpay." JA 9. But the district court correctly dismissed that claim. Because Beberman's backpay claim lacks merit, it does not give her a "personal stake in the outcome" of her petition for review of the Board's interim-relief decisions. *Genesis Healthcare*, 569 U.S. at 71.

True, a claim for backpay will often prevent mootness. If a court can order backpay as a remedy, it is not "impossible for [it] to grant any effectual relief." *Chafin*, 568 U.S. at 172 (cleaned up). But a backpay claim will produce no "federal controversy" under Article III when the claim is "insubstantial, implausible . . . or otherwise completely devoid of merit." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (cleaned up); *cf. Chafin*, 568 U.S. at 174 (claim was not "so implausible that it is insufficient to preserve jurisdiction"); *Powell v. McCormack*, 395 U.S. 486, 498 (1969) ("failure to plead sufficient facts" to establish a claim to a remedy can result in mootness).

That is a low bar. *Any* plausible argument that backpay is available will do. *See Chafin*, 568 U.S. at 172. But Beberman fails to clear that bar. Because this court has no power to issue backpay as a judicial remedy, Beberman's claim is "completely devoid of merit." *Steel Co.*, 523 U.S. at 89 (quotation marks omitted).[1]

To start, backpay is not an available remedy on judicial review of the Board's orders. Nothing in the Foreign Service Act authorizes a court to issue backpay. Plus, under the Act, judicial review is adjudicated "in accordance with the standards set forth in [the Administrative Procedure Act]." 22 U.S.C. § 4140(a). And backpay is not an available remedy under the

---

[1] True, backpay may sometimes be the upshot of a petition for judicial review. The Board can issue backpay. 22 U.S.C. § 4137(b)(4). And if it erroneously denies backpay, a grievant could seek this court's review. *Id.* § 4140(a). As a remedy, we could "hold unlawful and set aside" the Board's action and remand for it to award backpay. 5 U.S.C. § 706. But that does not mean that *this court* may award backpay as a free-floating remedy where, as here, a grievant does not seek review of any backpay decision.

APA.  *See Hubbard v. Administrator, EPA*, 982 F.2d 531, 539 (D.C. Cir. 1992) (en banc).

Pushing back, Beberman notes that the Foreign Service Act allows the Board to "grant the grievant back pay."  22 U.S.C. § 4137(b)(4).  But that provision does not authorize a *court* to award backpay.  And even if we were to remand for the Board to *consider* backpay, it wouldn't matter to any of Beberman's five grievances.  The Board can award backpay only if it "finds that [a] grievance is meritorious."  *Id.* § 4137(b).

Here, the Board found no merit to four of Beberman's grievances.  As for the fifth grievance, the Board held that Beberman's claim had merit, but it still denied her backpay. And because Beberman has not petitioned for judicial review of the Board's decision to deny backpay in that grievance, we cannot direct the Board to reconsider it.

So we affirm the district court's decision to dismiss Beberman's backpay claim.

## C

Finally, Beberman argues that a favorable decision by this court could remedy her injury indirectly.  She imagines bringing a new grievance to the Board, claiming that the Board improperly denied her a "financial benefit" when it rejected her claims for interim relief.  *See* 22 U.S.C. § 4131(a)(1)(G).  In that new grievance, she says, she could use our judgment here as *evidence* that the Board's denial of interim relief was improper.

To support that argument, Beberman relies on our decision in *Miller v. Baker*, 969 F.2d 1098, 1100 (D.C. Cir. 1992).  In

that case, the Board gave Miller interim relief while it was considering her grievance, but the Secretary of State fired her anyway. Miller sued, seeking a declaration that the Board's interim-relief order bound the Secretary. In the meantime, the Board denied Miller's grievance. This court concluded that Miller's claim was live. If it held that the Secretary should not have fired her, Miller could bring a new grievance alleging that the Secretary's wrongful act had denied her a financial benefit — that is, the benefit of the Board's interim-relief order. *Id*.

But Beberman's situation is different than Miller's. No order from this court could establish that Beberman is entitled to a financial benefit. That's because even if Beberman won here, our order would merely direct the Board to reconsider its interim-relief decisions. *See Northern Air Cargo v. U.S. Postal Service*, 674 F.3d 852, 861 (D.C. Cir. 2012) (typical remedy for unlawful agency action is to reverse its decision and remand).

In other words, that order would give Beberman a *shot* at convincing the Board to give her interim relief; it would not show that she is *entitled* to a "financial benefit." *See* 22 U.S.C. § 4131(a)(1)(G); *cf. Miller*, 969 F.2d at 1100. Yet even a shot at convincing the Board wouldn't help Beberman. She has no grievance "pending" before the Board, so it cannot reconsider a decision on interim relief. 22 U.S.C. § 4136(8).

Plus, this court lacks the power to issue any other remedy more concretely establishing Beberman's entitlement to interim relief. Because we cannot order an agency to exceed its statutory authority, we may not, for example, direct the Board to issue interim relief, rather than just reconsider it. *See INS v. Pangilinan*, 486 U.S. 875, 885 (1988) (neither "by invocation of equitable powers, nor by any other means does a

court have the power" to order an agency to act outside statutory "limitations"). And (once again) the Board has no authority to issue interim relief without a "pending" grievance. 22 U.S.C. § 4136(8).[2]

\* \* \*

We affirm the district court's decision to dismiss Beberman's backpay claim, and we dismiss Beberman's appeal of her interim-relief claims as moot.

*So ordered.*

---

[2] Beberman's complaint also asked for a "stay of [the Board's] decision denying [her] . . . interim relief." JA 8. Because we dismiss Beberman's appeal and affirm the district court's decision to deny backpay, Beberman's stay request is moot. *See In re GTE Service Corp.*, 762 F.2d 1024, 1026 (D.C. Cir. 1985).