**In re GTE SERVICE CORPORATION, et al., Petitioners.**

No. 85–1103.

United States Court of Appeals, District of Columbia Circuit.

Order Feb. 19, 1985.

Opinion May 28, 1985.

Agency Reconsideration and Appeal or, in the Alternative, for an Injunctive Order.

Before EDWARDS, GINSBURG and SCALIA, Circuit Judges.

Opinion for the Court filed by HARRY T. EDWARDS, Circuit Judge.

HARRY T. EDWARDS, Circuit Judge:

■ The petitioners in this action filed a pleading that was captioned as a petition for a writ of mandamus but which was entitled "Emergency Application for Judicial Stay Pending Agency Reconsideration and Appeal or, in the Alternative, for an Injunctive Order." The pleading was accepted by this court as a petition for a writ of mandamus because, although the petitioners sought "a judicial stay of part of the [Federal Communications] Commission's decision" in a rate refund proceeding or, in the alternative, "an injunctive order to the FCC staying [a] portion of the Commission's order,"[1] the petitioners did not file a petition for review of the order.[2] Apparently, the petitioners sought to invoke this court's jurisdiction to review and stay the Commission's order pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (1982)[3] and this court's recent ruling in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70 (D.C.Cir. 1984) ("*TRAC*"). This court denied the petitioners' application in an order dated February 19, 1985.[4] Because the petitioners' actions represent a basic misunderstanding of this court's authority to issue writs of mandamus, and of this court's decision in *TRAC*, we issue this opinion to

On Emergency Application for Judicial Stay Pending Agency Reconsideration and Appeal or, in the Alternative, for an Injunctive Order.

James R. Hobson and William Malone, Washington, D.C., were on the Emergency Application for Judicial Stay Pending

---

1. Emergency Application for Judicial Stay Pending Agency Reconsideration and Appeal or, in the Alternative, for an Injunctive Order at 1–2, *In Re: GTE Serv. Corp.*, No. 85–1103 (D.C.Cir. filed Feb. 15, 1985).

2. On February 19, 1985, the petitioners filed a petition for review and a motion for stay of the Commission's order. *See GTE Serv. Corp. v. FCC*, No. 85–1107 (D.C.Cir. filed Feb. 19, 1985).

3. 28 U.S.C. § 1651(a) provides:
   The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

4. *In Re: GTE Serv. Corp.*, No. 85–1103 (D.C.Cir. Feb. 19, 1985) (order denying application for stay, or in the alternative, for injunctive order).

explain the grounds for the court's denial of the petitioners' application.[5]

■■■ The petitioners' filing could not properly be entertained as a motion for stay because it was not accompanied by a petition to review the underlying order and, thus, the court did not have jurisdiction to grant the motion. It is beyond dispute that a court does not have jurisdiction to review an agency order unless a petition for review of the order has been filed in that court. *See* 28 U.S.C. § 2349(a) (1982) ("The court of appeals has jurisdiction of the proceeding on the filing and service of a petition to review."); FED.R.APP.P. 15(a) ("Review of an order of an administrative agency ... shall be obtained by filing ... a petition to enjoin, set aside, suspend, modify, or otherwise review...."). The motion for stay was, therefore, apparently premised upon this court's statutory authority to stay agency orders pending review in this court. *See* Administrative Procedure Act § 10(d), 5 U.S.C. § 705 (1982); 28 U.S.C. § 2349(b); FED.R.APP.P. 18. These provisions, however, necessarily contemplate that the motion will be made in a proceeding in this court in which a petition to review an agency order is pending, and in which the movant is a party. *See* 28 U.S.C. § 2349(b) ("The filing of the petition to review does not of itself stay or suspend the operation of the order of the agency, but the court of appeals in its discretion may restrain or suspend, in whole or in part, the operation of the order pending the final hearing and determination of the petition."); FED.R.APP.P. 18 ("Reasonable notice of the motion shall be given to all parties to the proceeding in the court of appeals."). Therefore, because the petitioners did not file a petition for review, there was no ongoing proceeding in this court in which a motion for stay could have been filed and thus the court did not have jurisdiction to grant the motion for stay. The motion was, therefore, not properly before this court and was denied.

■■■ The petitioners' filing, regarded as a petition for a writ of mandamus, was properly before this court but it was denied because the petitioners had a clearly adequate remedy in that they could have petitioned for review of the Commission's order pursuant to Section 402(a) of the Communications Act of 1934, 47 U.S.C. § 402(a), and could then have moved for a stay of that order.

■■■ Pursuant to the All Writs Act, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions...." 28 U.S.C. § 1651(a). The writ of mandamus is an extraordinary remedy, however, and will usually be denied when the petitioner could have invoked an adequate, ordinary remedy. *Cartier v. Secretary of State*, 506 F.2d 191, 199 (D.C.Cir.1974), *cert. denied*, 421 U.S. 947, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975). "Only where an appeal can promise no more than a clearly inadequate remedy may the remedy of mandamus be resorted to," *Knable v. Wilson*, 570 F.2d 957, 961 (D.C.Cir.1977) (citations and internal quotations omitted), and it is well-settled that the

---

**5.** We note that this misunderstanding may have resulted, in part, from the internal procedures employed by this court upon receipt of a writ of mandamus seeking to compel agency action which has been unreasonably delayed.

Any case filed in this court which seeks to compel agency action pursuant to the holding in *TRAC,* whether or not the pleading is denominated as a "petition for writ of mandamus," is treated, for administrative purposes, in the same manner as a case in which a petition for review has been filed. Upon receipt of the petition, the court establishes a normal briefing and oral argument schedule. No preliminary review of these petitions is undertaken by a motions division panel. Rather, if the petition-

er believes that the petition requires special treatment, the petitioner may request this treatment by filing an appropriate motion with the court and this motion will be considered by a motions division panel.

By contrast, when a petition for a writ of mandamus that does not seek to compel agency action under *TRAC* is filed in this court, it is immediately submitted to a motions division panel of this court. Pursuant to Rule 21(b) of the Federal Rules of Appellate Procedure, the opposing party may submit a response only upon an order of the motions panel. The petition is then either acted upon by the motions division or, alternatively, scheduled for full briefing and disposition by a merits panel.

remedy may not be invoked as a mere substitute for appeal. *Will v. United States*, 389 U.S. 90, 97, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967); *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 382–83, 74 S.Ct. 145, 147–48, 98 L.Ed. 106 (1953); *Ex Parte Fahey*, 332 U.S. 258, 260, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 (1947); *Nixon v. Sirica*, 487 F.2d 700, 706 (D.C.Cir.1973). In this action, the petitioners clearly had an adequate, ordinary remedy by virtue of the review provision in the Communications Act of 1934 and this court's statutory authority to stay an agency order pending review. The court will not consider the extraordinary relief a writ of mandamus provides unless the petitioners can show that this ordinary mode of relief is inadequate. The petitioners did not attempt to make this showing and, therefore, the petition was denied.

■ Petitioners' reliance on the *TRAC* decision as support for their petition for a writ of mandamus is of no avail. In *TRAC*, this court held, *inter alia*, that "[b]ecause the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may [pursuant to the All Writs Act] resolve claims of unreasonable agency delay in order to protect its future jurisdiction." 750 F.2d at 76. Thus, the court found that claims of unreasonable agency delay represent one narrow class of cases which are within this court's mandamus jurisdiction. This holding does not, and cannot under any reasonable interpretation, affect the well-settled principle that mandamus is an extraordinary remedy that may be invoked only if the statutorily prescribed remedy is clearly inadequate. *See id.* at 78. In *TRAC*, the remedy of appeal was clearly inadequate because there was no order from which to take an appeal. In this action, because the petitioners did not allege that appeal was an inadequate remedy, the appropriate course of action was an appeal from the Commission's order. Because of the availability of this routine remedy, mandamus was not available, and the petition was denied.