**REYNOLDS METALS COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent. (Two Cases).**

Nos. 85–1521, 85–1553.

United States Court of Appeals, District of Columbia Circuit.

Nov. 26, 1985.

Timothy W. Bergin, James P. Murphy and Philip R. Ehrenkranz, Washington, D.C., were on motion, for Reynolds Metals Co.

A. Karen Hill, Atty., and Jerome M. Feit, Sol., Washington, D.C., were on response, for the F.E.R.C.

Before GINSBURG, SCALIA and STARR, Circuit Judges.

Opinion for the court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge.

Petitioner Reynolds Metals Company, a major industrial customer of Arkansas Power & Light ("AP&L"), alleges that it is threatened with imminent irreparable harm as a result of Opinion No. 234 of the Federal Energy Regulatory Commission ("FERC"), which imposes upon AP&L (and hence upon its ratepayers) a thirty-six percent share of the costs of the Grand Gulf nuclear plant. 31 F.E.R.C. (CCH) ¶ 61,305 (June 13, 1985). Reynolds has placed before us, and we have consolidated here, two petitions seeking to enjoin the present implementation of Opinion No. 234. The confused procedural background of these petitions requires painfully extensive explanation.

Opinion No. 234 was made effective on June 13, 1985, the date of its issuance. On July 3, Reynolds petitioned the Commission for rehearing of the Opinion, and joined with that petition a request for stay of the Opinion or, in the alternative, for inclusion in the Opinion of a refund obligation in the event of reversal on appeal. On August 2, 1985 FERC granted reconsideration of the Opinion, "for the limited purpose of further consideration," and with the specification that its order "does not ... constitute action, in whole or in part, on the merits of the requests for rehearing." FERC Docket Nos. ER82–616–000, etc., slip op. at 1 (Aug. 2, 1985) (Order). In the same August 2 order, FERC denied the request for stay and the alternative request for inclusion of a refund obligation in the Opinion.

On August 6, Reynolds petitioned the Commission for rehearing of both these denials. On August 21, it filed the first petition we have before us (Case No. 85–1521), styled an Emergency Petition for Stay under the All Writs Act, but also seeking, in the alternative, judicial imposition of a requirement that Opinion No. 234 contain a refund obligation.

On September 3, while that Emergency Petition was still pending, FERC issued its order denying rehearing of both the re-

quest for stay and the alternative request for inclusion of a refund obligation in Opinion No. 234. FERC Docket Nos. ER82–616–000, etc. (Sept. 3, 1985) (Order). On September 4, Reynolds petitioned this court for review of that order and of the denials in the August 2 order to which it pertained (Case No. 85–1553), and in connection with that appeal filed on September 5 the second request for injunctive action that we have before us, a Motion for Stay Pending Review. It is important to emphasize that the gravamen of Case No. 85–1553 was not Commission Opinion No. 234 (as to which a petition for rehearing was still pending before the Commission) but the Commission's denial of a stay or refund commitment.

■ Those portions of both the Emergency Petition (Case No. 85–1521) and the Motion for Stay (Case No. 85–1553) which seek specific relief for the Commission's refusal (as an alternative to the requested stay) to include a refund obligation in Opinion No. 234 are plainly premature, since at the time they were placed before us that refusal was not yet final. The petition, by Reynolds and others, for reconsideration of Opinion No. 234 had been taken under advisement by the Commission, and until it had been disposed of judicial review of the Opinion was not available. *See* 16 U.S.C. § 825*l* (1982). That statutory limitation upon our powers is not avoidable by the device of petitioning the Commission piecemeal for the inclusion of particular provisions in the Opinion (*e.g.*, a refund obligation) and then—if the Commission is obliging enough to purport to dispose of the provisions piecemeal—seeking immediate review here. The reality of the matter is that at the time Reynolds sought relief Opinion No. 234 was not final and appealable, and that the Commission's denial of the refund provision was at most a pronouncement that, if and when Opinion No. 234 became final and appealable, that particular feature would not be within it. Besides the purely analytical inappropriateness of the review that Reynolds sought, as a practical matter it would be quite impossible for us to determine the reasonableness of omission of the refund obligation until we

could simultaneously examine the final provisions of Opinion No. 234. The fact that Opinion No. 234 has since become final, *see* FERC Docket Nos. ER82–616–000, etc. (Sept. 26, 1985) (Order denying rehearing), does not retroactively cure the prematurity of these requests for relief. *See, e.g., Western Union Telegraph Co. v. FCC*, 773 F.2d 375, 378 (D.C.Cir.1985); *Industrial Union Department, AFL–CIO v. Bingham*, 570 F.2d 965, 968–69 & n. 5 (D.C.Cir.1977).

■ We turn next to the remaining portion of the Emergency Petition, seeking an injunction against the operative effect of Opinion No. 234. As we recently had occasion to observe, relief under the All Writs Act, 28 U.S.C. § 1651 (1982), is an "extraordinary remedy that may be invoked only if the statutorily prescribed remedy" is "clearly inadequate." *In re GTE Service Corp.*, 762 F.2d 1024, 1027 (D.C.Cir.1985). And the statutorily prescribed remedy is deemed to include the available interim relief attendant to that remedy, so that an Emergency Petition will not lie where a stay pending appeal (which might be termed the "normal" means of obtaining extraordinary relief) will suffice to prevent the alleged harm. Thus, an All Writs petition filed after the agency order in question is already final and appealable will be summarily dismissed. *Id.* In the present case, this preliminary condition for All Writs relief was arguably satisfied; since Opinion No. 234 was not yet final, no direct appeal from it yet lay, and a stay pending appeal was not available to prevent irreparable injury that was allegedly occurring.

Besides that preliminary condition distinctive to All Writs relief, however, the Emergency Petition must also satisfy the normal requirements, so to speak, for all extraordinary relief—*i.e.*, the well established requirements that we routinely apply to motions for stay pending appeal, among which is the likelihood of irreparable harm. *See Virginia Petroleum Jobbers Association v. FPC*, 259 F.2d 921, 925 (D.C.Cir.

1958). Here Reynolds alleges "direct, immediate and severe" harm in the form of "huge additional costs" imposed on AP&L (and "ultimately, Reynolds") which "may not be recouped even if Opinion No. 234 is reversed." Emergency Petition at 10–11. In essence, Reynolds' argument is that it is threatened with irreparable harm because Opinion No. 234 contains no commitment to make refunds should the order be set aside on appeal, and because without such a commitment the parties collecting assessments pursuant to the order may be able to claim later that refunds would be inequitable because of their reliance on the overturned opinion. Despite FERC's unquestioned power to exercise whatever authority it has to order refunds later whether or not it expresses that intention now, *see United Gas Improvement Co. v. Callery Properties*, 382 U.S. 223, 229, 86 S.Ct. 360, 364, 15 L.Ed.2d 284 (1965); despite this court's unquestioned power to direct FERC's exercise of such authority in connection with our disposition of the appeal, *see, e.g., Tennessee Valley Municipal Gas Association v. FPC*, 470 F.2d 446, 453 (D.C.Cir.1972); and despite the fact that required refund is the usual practice, *see, e.g., Interstate Natural Gas Association v. FERC*, 756 F.2d 166, 168 (D.C.Cir.1985); Reynolds claims that irreparable harm will result because "the passage of time without a refund obligation ... may eventually render more difficult the imposition of a refund obligation later." Reply of Petitioner at 11–12, relying upon *Texas Eastern Transmission Corp.*, 55 F.P.C. 2091, 2094 (1976), *cited in American Public Gas Association v. FPC*, 543 F.2d 356, 358 (D.C.Cir.1976), in which FERC denied refund because of reliance upon its overturned decision. It suffices to say that the phrase "may eventually render more difficult the imposition of a refund obligation" does not remotely mean "will be likely to make refund impossible."

On March 29, 1985, about five months before the Emergency Petition was filed, we issued an opinion "for the guidance of the bar because many essentially frivolous stay applications are being filed." "Counsel," we said, "know or may easily learn the requirements for a stay. Applications that do not even arguably meet those requirements, as the present ones do not, should not be filed." *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 672 (D.C.Cir.1985). We emphasized the stringency of the requirement that irreparable injury be "likely" to occur, *id.* at 674 (citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 n. 3 (D.C.Cir.1977)), elaborating that "[b]are allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur," 758 F.2d at 674. The allegations of irreparable harm in this case are no more substantial than those that "wasted the time and resources of this court" in *Wisconsin Gas. Id.* at 672. The mere possibility that after this litigation is concluded, and assuming petitioners prevail, the court might not decree refund, and the Commission might then also refuse to provide it because of reliance on its overturned decision, is in no way enough to satisfy our clear and oft-repeated standard.

It must be acknowledged, however, that a prior decision of this court—albeit much earlier than the clear pronouncements of *Wisconsin Gas* and *GTE*, and without discussion of the requirement of showing more than a mere possibility of irreparable injury—allowed mandamus relief for the very reason here requested. *American Public Gas Association v. FPC, supra*. If the intervening cases left any doubt that that decision has been limited to its particular facts, the present opinion should eliminate it. For this case, we decline to consider imposing upon Reynolds liability for the attorneys' fees of the responding parties; similarly unsubstantiated applications for extraordinary relief will be subject to that sanction in the future.

What we have said concerning the request for injunction in the Emergency Petition would lead to the conclusion that we

must deny as well the Motion for Stay Pending Review in Case No. 85–1553—since, as noted, the identical requirement of likelihood of irreparable harm applies to that more ordinary means of seeking extraordinary relief. We do not reach that issue, however, since our action on the Emergency Petition also induces us to dismiss on our own motion the substantive element of Case No. 85–1553 (the Petition for Review of FERC's denial of stay), thereby rendering the Motion for Stay Pending Review moot. If agency denials of stays are interlocutorily reviewable (and superficial research discloses no case holding that they are) the standard of review assuredly requires the petitioner to establish no less compelling a case in favor of the administrative stay that the agency has denied than the petitioner would have to establish in order to obtain a judicial injunction under the All Writs Act or a judicial stay pending review. Specifically, the requirement of demonstrating the likelihood of irreparable harm cannot be evaded by the simple device of petitioning the agency for a stay and appealing the denial. Accordingly, our denial of the Emergency Petition establishes that the Petition for Review must be dismissed as well.

The Emergency Petition for Stay under the All Writs Act in Case No. 85–1521 is denied. The Petition for Review in Case No. 85–1553 is dismissed. The Motion for Stay Pending Review in Case No. 85–1553 is dismissed as moot.

*So ordered.*