976 F.2d 46
 298 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
In re GLOBAL BROADCASTING GROUP, INC., Petitioner.
In re The COMMITTEE FOR JERSEY CITY RADIO, Petitioner.
 Nos. 92-1373, 92-1377.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 19, 1992.
 
 Before BUCKLEY, SENTELLE and KAREN LeCRAFT HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the Emergency Motion for Writ of Mandamus Compelling the Federal Communications Commission to Stay its Order filed by Global Broadcasting Group, Inc. ("Global Broadcasting"); and the Motion for Writ of Mandamus Against the Federal Communications Commission filed by the Committee for Jersey City Radio, it is
 
 
 2
 ORDERED that Global Broadcasting's emergency motion for Writ of Mandamus compelling the Federal Communications Commission to stay its order be denied. Petitioner has not demonstrated the requisite likelihood of success on the merits which would justify the issuance of a writ of mandamus. See Reynolds Metals Co. v. Federal Energy Regulatory Commission, 777 F.2d 760, 762 (D.C. § 1651, party must satisfy the well established requirements the court routinely applies for a stay pending appeal); D.C. Circuit Handbook of Practice and Internal Procedures 38-39 (1987). Petitioner submits nothing which demonstrates that the application in question meets the definition of "major change" as set forth in 47 C.F.R. § 73.3573(a)(1) (major change for FM station is any change in frequency or community of license .... It is
 
 
 3
 FURTHER ORDERED that the Committee for Jersey City Radio's motion for Writ of Mandamus against the Federal Communications Commission be denied. Petitioner has failed to demonstrate the requisite irreparable harm or likelihood of success on the merits which would warrant the extraordinary relief requested.