INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, Plaintiff,

v.

EASTERN CONFERENCE
OF TEAMSTERS, et
al., Defendants.

CENTRAL CONFERENCE
OF TEAMSTERS, et
al., Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, et al., Defendants.

Nos. 94 Civ. 1950 (DNE),
94 Civ. 2247 (DNE).

United States District Court,
S.D. New York.

March 15, 1995.

Dickstein, Shapiro & Morin, New York City (Robert J. Higgins, Angelo V. Arcadipane, Woody N. Peterson, Mark Grossman, of counsel), for plaintiffs.

Cohen, Weiss and Simon, New York City (Richard M. Seltzer, James L. Linsey, Dominique Bravo, of counsel), Intern. Broth. of Teamsters, Washington DC (Judith A. Scott, Earl V. Brown, Jr.), for defendants.

## OPINION & ORDER

EDELSTEIN, District Judge:

In the instant consolidated action, defendants are the International Brotherhood of Teamsters ("IBT" or "Union") and IBT General President Ronald Carey ("Carey"). Plaintiffs are the Central Conference of Teamsters, the Eastern Conference of Teamsters, the Southern Conference of Teamsters, the Western Conference of Teamsters ("the Conferences"), and various officers who represent these respective conferences.[1] The IBT brought an action seeking declaratory relief pursuant to section 301 of the Labor Management Relations Act ("the LMRA"), 29 U.S.C. § 185, and Title I, Title III, and Section 609 of the Labor–Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411 *et seq.*, § 461 *et seq.*, and § 529. In addition, the IBT brought this action as an application to this Court pursuant to the voluntary consent order that the IBT and the United States Government entered into on March 14, 1989. Plaintiffs also brought an action seeking declaratory and injunctive relief pursuant to section 301 of the LMRA, 29

U.S.C. § 185, and sections 101, 302, 304, and 609 of the LMRDA, 29 U.S.C. §§ 411, 462, 464, and 529. These two suits were consolidated into the instant case. *See International Bhd. of Teamsters v. Eastern Conference of Teamsters,* 94 Civ. 1950 (S.D.N.Y.), *Central Conference of Teamsters v. International Bhd. of Teamsters,* 94 Civ. 2247 (S.D.N.Y.) (Stipulation and Order, dated June 1, 1994).

Plaintiffs bring this motion for an order declaring that plaintiffs may continue to use funds in an escrow account to pay their attorneys' fees. Plaintiffs also bring a motion to amend their complaint.

## BACKGROUND

Under the IBT Constitution, the Conferences are "organized and chartered as subordinate bodies of the [IBT] for such geographical area, industries or companies as the General Executive Board may from time to time direct." IBT Constitution, Article XVI, section 1. Each of the Conferences was chartered pursuant to this provision.

Plaintiffs contend that, in early 1994, a disagreement erupted between the Conferences and defendant Carey over a proposed increase in Union membership dues. Plaintiffs allege that in January 1994, "defendant Carey advised all IBT affiliates that the General Executive Board had authorized him to 'conduct a mail referendum of the Union's membership on whether to raise dues.'" (Plaintiffs' Complaint ¶ 13 (quoting defendant Carey).) Thereafter, plaintiffs publicly opposed this proposed dues increase. Plaintiffs contend that their opposition sparked a dispute that became increasingly bitter during February and March 1994.

Plaintiffs contend that because of their opposition to this dues increase, defendant Carey sought to revoke the Conferences' respective charters. On March 21, 1994, the IBT brought suit, seeking a declaratory judgment that, *inter alia,* defendants have the authority to revoke the Conferences' respective charters. On the same day, plaintiffs allege that defendant Carey "notified plaintiff Area

---

1. The instant case is a consolidation of two actions, one in which the IBT is plaintiff and one in which the IBT is defendant. In the interest of convenience and clarity, this Court will refer to

the IBT and IBT General President Carey as "defendants" and will refer to the Conferences and their respective officers as "plaintiffs."

Conferences and their Chairmen of his intent to abolish the Conferences." (Plaintiffs' Complaint ¶ 17.) On March 30, 1994, plaintiffs brought suit, seeking, *inter alia,* a declaratory judgment that defendants lacked the authority to revoke the Conferences' respective charters. These two suits were consolidated. *See International Bhd. of Teamsters v. Eastern Conference of Teamsters,* 94 Civ. 1950 (S.D.N.Y.), *Central Conference of Teamsters v. International Bhd. of Teamsters,* 94 Civ. 2247 (S.D.N.Y.) (Stipulation and Order, dated June 1, 1994).

On June 9, 1994, the IBT General Executive Board voted to revoke the Conferences' respective charters, effective June 10, 1994.[2] Thereafter, the IBT's General Counsel wrote a letter to plaintiffs' attorneys, stating that all funds that plaintiffs' attorneys held in escrow on behalf of plaintiffs were now the rightful property of the IBT. *See* Letter from Judy A. Scott, General Counsel, International Brotherhood of Teamsters, to Angelo V. Arcadipane, Esq., Dickstein, Shapiro & Morin (June 17, 1994). This letter instructed plaintiffs' attorneys that "no funds belonging to the Conferences shall be withdrawn from any trust account maintained by your firm which contains funds from any of the previously extant Conferences." *Id.* This letter also demanded that plaintiffs' attorneys "return those funds to the IBT." *Id.*

Plaintiffs challenged this requested transfer of funds by bringing the instant motion, which is styled as a "motion for an order with respect to payments of counsel." In support of this motion, plaintiffs submitted a notice of motion, a memorandum of law, and a proposed order. Although plaintiffs included a copy of the IBT General Counsel's June 17 letter, plaintiffs failed to submit any affidavits or other documentary evidence in support of this motion. In opposition to plaintiffs' motion, defendants argued that plaintiffs' motion was defective because plaintiffs' motion papers failed to include any factual submissions. (*See* Defendants' Memoran-

dum of Law in Opposition to Plaintiffs' Motion for Order with Respect to Payments to Counsel at 3–4.) Thereafter, plaintiffs submitted a reply brief and a declaration from Eastern Conference Chairman Walter J. Shea, which annexed a number of documents.

Subsequently, plaintiffs filed a motion for leave to file a supplemental amended complaint. Defendants have advised the Court that they do "not object to plaintiffs' motion." *See* Letter to the Court from Richard M. Seltzer, Cohen, Weiss and Simon (October 6, 1994).

## MOTION FOR ORDER WITH RESPECT TO PAYMENTS TO COUNSEL

As an initial matter, it is necessary to ascertain the procedural grounds on which plaintiffs seek relief. Plaintiffs have complicated this normally simple task by both asserting and denying that the instant motion is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure ("Rule 57").

Although plaintiffs have styled this motion as "a motion for order with respect to payments to counsel," plaintiffs' notice of motion and memorandum of law both indicate that plaintiffs seek a declaratory judgment pursuant to Rule 57. In their notice of motion, plaintiffs state that the instant motion is brought pursuant to Rule 57. (*See* Plaintiffs' Notice of Motion for Order with Respect to Payments to Counsel.) Similarly, Plaintiffs' memorandum of law states that plaintiffs seek "*an Order declaring* that these retainer account funds may continue to be used to represent the Conferences in this litigation and that the IBT may not lawfully seize them." (Plaintiffs' Memorandum of Law in Support of Motion for Order with Respect to Payments to Counsel at 2 (emphasis added).)

Yet, in their reply memorandum, plaintiffs deny that this motion is brought pursuant to Rule 57, asserting instead that the instant motion is not made pursuant to any specific statute or federal rule. (*See* Plaintiffs' Reply

---

**2.** Although plaintiffs twice sought to enjoin defendants from revoking the Conferences' respective charters, this Court declined to issue an injunction because plaintiffs failed to demonstrate that they would suffer any irreparable injury if the charters were revoked. *See Central*

*Conference of Teamsters v. International Bhd. of Teamsters,* 94 Civ. 2247 (S.D.N.Y.) (Memorandum Endorsement, dated April 12, 1994); *Central Conference of Teamsters v. International Bhd. of Teamsters,* 94 Civ. 2247 (S.D.N.Y.) (Memorandum Endorsement, dated June 10, 1994).

Memorandum of Law in Support of Motion for Order with Respect to Payments to Counsel at 3.) Plaintiffs argue that the Federal Rules permit a litigant to bring as a motion any " 'application to the Court for an order,' so long as the motion 'state[s] with particularity the grounds therefor' and 'set[s] forth the relief or order sought.' " *Id.* at 3–4 (quoting Fed.R.Civ.P. 7(b)(1)) (brackets in original). Plaintiffs contend that the instant motion resembles a variety of commonly made motions that "are not explicitly provided for in the Federal Rules, but which are routinely made and adjudicated." *Id.* at 3. Further, although plaintiffs cited Rule 57 in their notice of motion, plaintiffs assert that they merely cited this rule "to comply [with] the Local Civil Rule 3(d) requirement that a Notice of Motion cite to a Federal Rule or statute." *Id.* at 4 n. 4. Thus, plaintiffs assert that they do not seek declaratory relief, but rather, they claim to "seek just what our motion and proposed order say we do, namely an 'order with respect to payment to counsel.' " *Id.*

Regardless of the contradictory positions that plaintiffs have adopted in their motion papers, plaintiffs' motion must be considered as a motion seeking declaratory relief because Rule 57 governs the type of relief that plaintiffs seek—a declaration regarding the parties' respective rights to the funds in question. Moreover, as discussed previously, plaintiffs' notice of motion and memorandum of law both indicate that plaintiff brought this motion pursuant to Rule 57. After

plaintiffs stated that this motion was made pursuant to Rule 57, it would be unfair to defendants to permit plaintiffs to change the basis of this motion in plaintiffs' reply brief, which, of course, was submitted after defendants had submitted their brief in opposition to plaintiffs' motion.

 Moreover, the assertions in plaintiffs' reply brief—that Rule 57 does not govern this motion—are unpersuasive. Although plaintiffs correctly assert that the Federal Rules do not contain an exhaustive list of the motions that a litigant can make, plaintiffs fail to appreciate that where the Federal Rules of Civil Procedure specifically address a subject, a litigant is not free to disregard the requirements that the Rules impose. Thus, for example, a litigant seeking summary judgment must satisfy the requirements specified in Rule 56, and such a litigant cannot avoid these requirements merely by giving the motion a new name. In the instant case, plaintiffs have moved this Court for an order declaring that plaintiffs have certain rights to the funds in question, and the Federal Rules have established a procedure for a litigant who seeks such a declaration: an action for a declaratory judgment pursuant to Rule 57. Because plaintiffs seek a declaratory judgment, and because Rule 57 governs an action for a declaratory judgment, plaintiffs must comply with Rule 57's requirements.[3]

Under Rule 57, a litigant may bring an action seeking a declaratory judgment. An

---

**3.** Plaintiffs' contention that they cited Rule 57 in their Notice of Motion "to comply [with] the Local Civil Rule 3(d) requirement that a Notice of Motion cite to a Federal Rule or statute" is also flawed. (Plaintiffs' Reply Memorandum of Law in Support of Motion for Order with Respect to Payments to Counsel at 4 n. 4.) Local Civil Rule 3(d) contains no such requirement. Local Civil Rule 3(d) states: "Upon any motion based upon rules or statutes the notice of motion or order to show cause shall specify the rules or statutes upon which the motion is predicated." United States District Courts for the Southern and Eastern Districts of New York Joint Rules for General, Civil, Criminal, Admiralty and Magistrate Judge Proceedings, Civil Rule 3(d). Thus, this rule merely requires that if a motion is based on a rule, the notice of motion must cite to the rule. Plaintiffs are simply incorrect in their assertion that Local Civil Rule 3(d) requires that

every notice of motion must cite to some rule or statute, even if the underlying motion is not based on any specific rule or statute.

Moreover, if this Court were to accept the contention in plaintiffs' reply brief that this motion is not made pursuant to any specific federal rule, then plaintiffs have violated this Court's Individual Rule 4(a). This rule states that a "notice of motion must specify the rule or statute on which it is based, or, *if it is not based on any specific rule or statute, then the notice must state that fact.*" Hon. David N. Edelstein, Individual Rules, Procedures and Forms, Rule 4(a) (2d Ed.1992) (emphasis added). Plaintiffs' notice of motion contains no statement that this motion is not based on any specific rule or statute. Rather, it plainly states that this motion is brought "pursuant to Fed.R.Civ.P. 57." (Plaintiffs' Notice of Motion for Order with Respect to Payments to Counsel.)

action for a declaratory judgment is "an ordinary civil action." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (1983) ("The incidents of pleading, process, discovery, trial, and judgment are the same."); *see also* Edwin Borchard, Declaratory Judgments 26 (2d Ed.1941) (in an action for a declaratory judgment "the conditions of [a] usual action, procedural and substantive, must always be present"). Rule 57 states that "[t]he procedure for obtaining a declaratory judgment ... shall be in accordance with these rules." Fed.R.Civ.P. 57. Thus, by specifically referencing the Federal Rules, Rule 57 contemplates that an action for a declaratory judgment is a civil action subject to the Federal Rules.

■■■ Because an action for a declaratory judgment is an ordinary civil action, a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment. *See In re: Spencer,* 7 B.R. 458, 460–61 (Bankr. S.D.Ca.1980) (in bankruptcy proceeding, trustee cannot obtain a judgment regarding trustee's rights to property merely by filing an objection to debtors' claimed exemptions, but rather, trustee must bring an action for a declaratory judgment). Insofar as plaintiffs seek a motion for a declaratory judgment, plaintiffs' motion is denied because such a motion is inconsistent with the Federal Rules. The only way plaintiffs' motion can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment. Even affording this motion the benefit of this liberal construction, however, it is clear that this motion must be denied.

■■ A party seeking summary judgment must demonstrate "that there is no genuine issue as to any material fact" such that it "is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)); *see also Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990) (in summary judgment motion, movant bears "initial burden of establishing that there is an absence of any genuine issue of material fact") (citations omitted).

Plaintiffs are not entitled to summary judgment because they have completely failed to meet their initial burden of establishing that they are entitled to a judgment as a matter of law. Plaintiffs have failed to inform this Court of " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[ ] demonstrate the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552 (quoting Rule 56(c)). In fact, plaintiffs have failed to identify any section of their pleadings that might form the basis of this motion. Plaintiffs' pleadings do not mention the funds in question, and plaintiffs have not explained how their pleadings might be interpreted to support an action for a declaratory judgment regarding these funds.

Moreover, the meager documentary evidence that plaintiffs did submit with their motion papers fails to establish that plaintiffs are entitled to a judgment as a matter of law. In support of their motion, plaintiffs submitted only one piece of evidence—the letter from the IBT's General Counsel requesting that the funds in question be turned over to the IBT. This letter does not demonstrate that, as a matter law, plaintiffs are entitled retain and use the funds in question. As defendants have pointed out, plaintiffs failed "to provide the Court with: (1) the retainer agreement, (2) factual submissions concerning the content and form of the retainer and/or escrow agreement, and whether the funds are available to other legal or non-legal professionals, (3) a factual submission concerning what services the retainer money has been and will be used for, or (4) the amount of the former Conferences' money which is

currently being held by [plaintiffs' attorneys.]" (Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for an Order with Respect to Payments to Counsel at 4.) Without providing this Court with any evidence about the funds in question, plaintiffs ask this Court to issue a declaratory judgment regarding the plaintiffs' and defendants' respective rights to these funds.[4]

Plaintiffs motion is also deficient because plaintiffs violated Local Civil Rule 3(g), which states in relevant part:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

United States District Courts for the Southern and Eastern Districts of New York Joint Rules for General, Civil, Criminal, Admiralty and Magistrate Judge Proceedings, Civil Rule 3(g). Moreover, this Court's Individual Rules warn that "[m]otions must comply strictly with . . . the Local Rules, particularly Local [Civil] Rule 3."[5] Hon. David N. Edelstein, Individual Rules, Procedures and Forms, Rule 4(a) (2d Ed.1992).

The grave defects that infect plaintiffs' motion are fatal, and they preclude this Court from reaching the merits of this motion. Further, any attempt to divine what merits, if any, may be found in this motion would require unfounded speculation. Accordingly, this motion is denied.

### MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs move pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)") for leave to amend their complaint. Plaintiffs claim that they seek to amend their complaint to include "events and related claims which, although predicted by the original complaint, did not arise until after the March 30, 1994 complaint filing date." (Plaintiffs' Memorandum in Support of Motion for Leave to File a Supplemental Amended Complaint at 1.) By letter to this Court, defendants state that they have no objection to plaintiffs' motion. *See* Letter to the Court from Richard M. Seltzer, Cohen, Weiss and Simon (October 6, 1994).

Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Accordingly, plaintiffs' motion

**4.** In their reply brief, plaintiffs attempt to correct this error by submitting evidence supporting plaintiffs' position. Despite their attempted correction, however, plaintiffs' motion fails to meet the requirements for a motion for summary judgment because plaintiffs bear the burden of establishing in their initial papers that they are entitled to a judgment as a matter of law. *See Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. Plaintiffs failed to meet this initial burden when they failed to supply this Court with evidence supporting their motion. Moreover, it would be fundamentally unfair to defendants to permit plaintiffs to correct this error in a reply brief because defendants would have no opportunity to challenge the evidence submitted in this brief.

**5.** Plaintiffs' motion also violates Local Civil Rule 3(d), which states: "Upon any motion based upon rules or statutes[,] the notice of motion or order to show cause shall specify the rules or statutes upon which the motion is predicated." United States District Courts for the Southern and Eastern Districts of New York Joint Rules for General, Civil, Criminal, Admiralty and Mag-

istrate Judge Proceedings, Civil Rule 3(d). As discussed above, Rule 56 provides the only basis on which plaintiffs could bring this motion. Plaintiffs have failed to cite this rule in their notice of motion.

Plaintiffs' motion also fails to conform with this Court's Individual Rule 4(a), which states that "[t]he notice of motion must specify the rule or statue on which it is based, or, if it is not based on any specific rule or statute, then the notice must state that fact." Hon. David N. Edelstein, Individual Rules, Procedures and Forms, Rule 4(a) (2d Ed.1992). As previously discussed, the only way to construe plaintiffs' motion as being consistent with the Federal Rules of Civil Procedure is to construe it as a motion for summary judgment. Yet, plaintiffs failed to cite Rule 56 in their notice of motion. Further, even if this Court accepts plaintiffs' assertion that this motion is not brought pursuant to any particular federal rule or statute, plaintiffs have violated this Court's Individual Rule 4(a) because plaintiffs did not state this fact in their notice of motion.

for leave to amend their complaint is granted.

### CONCLUSION

Plaintiffs' motion for an order with respect to payments to counsel is DENIED.

Plaintiffs' motion for leave to amend their complaint is GRANTED.

SO ORDERED.