Milan JANKOVIC,[1] Plaintiff,

v.

INTERNATIONAL CRISIS GROUP, Defendant.

Civil Action No. 04–1198 (RBW)

United States District Court, District of Columbia.

Filed 09/23/2014

Rodney A. Smolla, Furman University, Greenville, SC, Caroline H. Mankey, Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Ivana Ognjanovic, Peter C. Sheridan, Glaser Weil Fink Jacobs Howard Avchen & Shapiro, LLP, Los Angeles, CA, Joaquin Ezcurra, Malcolm I. Lewin, Morrison Cohen LLP, New York, NY, John William Lomas, Jr., Mckenna Long & Aldridge LLP, Lisa Norrett Himes, William T. O'Brien, Dentons US LLP, Washington, DC, for Plaintiff.

Michael Dennis Sullivan, Thomas Curley, Levine Sullivan Koch & Schulz, LLP, Washington, DC, Andrea Ernst, Anna Tevini, Neil H. Koslowe, Philip Urofsky, Jonathan L. Greenblatt, Shearman & Sterling, LLP, Washington, DC, for Defendant.

---

1. Milan Jankovic is also known as Philip Zepter.

### ORDER

REGGIE B. WALTON, UNITED STATES DISTRICT JUDGE

Currently before the Court is the plaintiff's motion to "declare" that the defendant, the International Crisis Group, is "not entitled to the protections of the D.C. Shield Law or the reporter's privilege." Plaintiff Philip Zepter's Motion to Declare That Defendant International Crisis Group is Not Entitled to Protection Under the District of Columbia Shield Law or the Reporter's Privilege ("Pl.'s Mot.") at 1. Upon careful consideration of the plaintiff's motion,[2] and without having to reach the merits of the motion, the Court concludes that the motion must be denied.

As part of fact discovery, the plaintiff deposed James Lyon on September 14, 2011. Def.'s Opp'n at 4; id., Exhibit ("Ex.") B (Excerpts of Deposition of James Lyon, Ph.D. ("Lyon Dep.")) at 1. Mr. Lyon was a "field analyst" for the International Crisis Group when he authored the allegedly defamatory publication at issue in this case.[3] Pl.'s Mem. at 3–4; Def.'s Opp'n at 2. During Mr. Lyon's deposition his counsel invoked certain privileges, one being the privilege afforded by the D.C. Shield Law, D.C. Code §§ 16–4701–04 (2012),[4] which he

alleges allowed Mr. Lyon to withhold the identities of the sources he used to obtain the information in the publication. Def.'s Opp'n at 4.

The deadline for fact discovery, mutually agreed-upon by the parties, ended on April 1, 2012. Joint Motion to Approve [the] Parties' Stipulation Regarding Deadline for Fact Discovery of Non–Party Witnesses and Entities Located in a Foreign Country, ECF No. 96; Mar. 27, 2012 Minute Order (granting the parties' joint motion). And discovery-related motions were to be filed no later than September 21, 2012. Aug. 16, 2012 Order ("discovery-related motions, should either party feel that one is warranted, shall be filed on or before September 21, 2012"). The plaintiff did not file the pending motion until October 29, 2012.

Under Federal Rule of Civil Procedure 57, a party may seek declaratory relief pursuant to 28 U.S.C. § 2201 (2012). And because declaratory relief must be sought through "these rules," Fed. R. Civ. P. 57, i.e., the Federal Rules of Civil Procedure, such relief can be obtained only through the filing of a complaint. In other words, " 'a party may not make a <u>motion</u> for

---

2. In addition to the filing already mentioned, the Court considered: (1) Memorandum of Points and Authorities in Support of Plaintiff Philip Zepter's Motion to Declare That Defendant International Crisis Group is Not Entitled to Protection under the District of Columbia Shield Law or the Reporter's Privilege ("Pl.'s Mem."); (2) Opposition of Defendant International Crisis Group to [the] Plaintiff's Motion for Declaratory Relief ("Def.'s Opp'n"); and (3) Reply Memorandum of Points and Authorities in Support of Plaintiff Philip Zepter's Motion to Declare That Defendant International Crisis Group is Not Entitled to Protection Under the District of Columbia Shield Law or the Reporter's Privilege ("Pl.'s Reply").

3. For a detailed recitation of the facts leading to this civil suit, see, for example, <u>Jankovic v. Int'l Crisis Grp.</u>, 494 F.3d 1080, 1084–85 (D.C.Cir.2007), and <u>Jankovic v. Int'l Crisis Grp.</u>, 593 F.3d 22, 23–25 (D.C.Cir.2010).

4. The D.C. Shield Law is also known as the Free Flow of Information Act of 1992. The law generally prohibits the disclosure of the "source of any news or information procured by the person while employed by the news media and acting in an official news gathering capacity, whether or not the source has been promised confidentiality" or "[a]ny news or information procured by the person while employed by the news media in the course of pursuing professional activities that is not itself communicated in the news media ...." D.C. Code § 16–4702.

declaratory relief, but rather, the party must bring an <u>action</u> for a declaratory judgment.' " <u>Thomas v. Blue Cross & Blue Shield Ass'n</u>, 594 F.3d 823, 830 (11th Cir. 2010) (emphasis in original) (quoting <u>Kam–Ko Bio–Pharm Trading Co., Ltd.–Australasia v. Mayne Pharma (USA) Inc.</u>, 560 F.3d 935, 943 (9th Cir.2009)). In <u>Int'l Bhd. of Teamsters v. E. Conference of Teamsters</u>, the Court succinctly summarized this prohibition:

> Under Rule 57, a litigant may bring an action seeking a declaratory judgment. An action for a declaratory judgment is an ordinary civil action. Rule 57 states that the procedure for obtaining a declaratory judgment shall be in accordance with these rules. Thus, by specifically referencing the Federal Rules, Rule 57 contemplates that an action for a declaratory judgment is a civil action subject to the Federal Rules.
>
> Because an action for a declaratory judgment is an ordinary civil action, a party may not make a <u>motion</u> for declaratory relief, but rather, the party must bring an <u>action</u> for a declaratory judgment.

160 F.R.D. 452, 455–56 (S.D.N.Y.1995) (internal citations, quotations, and alterations omitted) (emphasis in original).

The plaintiff's motion for declaratory relief is flawed procedurally as the plaintiff here has not chosen the proper vehicle in seeking declaratory relief. Declaratory relief is only available if pleaded in the complaint. <u>See</u> <u>Thomas</u>, 594 F.3d at 830 (citing <u>Kam–Ko Bio–Pharm Trading</u>, 560 F.3d at 943). The defendant correctly points out that that the amended complaint filed by the plaintiff lacks any request for a declaratory judgment. <u>See</u> Def.'s Opp'n at 9 n.5; <u>see</u> Amended Complaint ("Compl.") at 34 (absence of a request for declaratory relief). And the plaintiff has made no attempt to amend the complaint again to include any declaratory relief so that this Court could even consider the merits of the relief requested in the motion. Therefore, "[i]nsofar as [the] plaintiff[ ] seek[s] a motion for a declaratory judgment, [the] plaintiff[']s motion is denied because such a motion is inconsistent with the Federal Rules." <u>Int'l Bhd. of Teamsters</u>, 160 F.R.D. at 455–56.

The plaintiff argues that its motion for declaratory is proper and timely. Pl.'s Reply at 17–18. Neither argument has merit. First, as explained above, the motion is procedurally flawed. To the extent that the plaintiff wanted to "seek[ ] guidance from th[e] Court regarding whether the [International Crisis Group] ... is entitled to the protections of the D.C. Shield Law and reporter's privilege," Pl.'s Reply at 18, the plaintiff could have properly brought this issue to the attention of the Court when the plaintiff recognized that these protections were invoked during the deposition of Mr. Lyon over a year ago,[5] <u>see</u> Def.'s Opp'n, Ex. B (Lyon Dep.) at 24:12–25:19

---

5. The plaintiff contends that had it raised the issue regarding the validity of the asserted objections during Mr. Lyon's deposition "shortly after" the deposition concluded, that the defendant would have "undoubtedly complained" that the plaintiff did not exhaust his options to obtain this information without violating the asserted privileges. <u>See</u> Pl.'s Reply at 17. This is unfounded speculation. Furthermore, even according to the plaintiff's interpretation of the law, the plaintiff only had to "exhaust every reasonable alternative source of information," <u>id.</u> at 17 (internal citations, quotations, and alternation omitted), <u>if</u> the assertions of privilege were proper in the first instance, <u>see</u> <u>id.</u> at 20 ("Even if the Court finds that the reporter's or journalist's privilege applies to [the International Crisis Group], [the plaintiff] is entitled to disclosure of [the defendant]'s confidential sources because [the plaintiff] satisfies the requirements necessary to obtain the requested sources under the qualified privilege standard."). The plaintiff could have sought resolution of whether the asserted privileges were proper through a discovery motion, and if they were

(counsel for the plaintiff recognizing there are privilege issues); id. at 386:11–14 (same); id. at 405:13–17 (counsel for the plaintiff reserving time to follow up on potentially unanswered "questions on sources"). While fact discovery was being conducted is when the plaintiff should have sought "a determination regarding the validity of [the International Crisis Group]'s assertion of the D.C. Shield Law and qualified reporter's privilege." Pl.'s Reply at 18. But, unfortunately for the plaintiff, the Court ordered all discovery-related disputes to be brought to its attention no later than September 21, 2012.[6] See, e.g., Gen. Order & Guidelines for Civil Cases ¶ 7 ("Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery within the time set by the Court.").

And second, because the predicate for seeking declaratory relief requires that such relief be pleaded in a complaint, the request is not timely.[7] As noted above, the

plaintiff never sought to amend his complaint to add a request for a declaratory judgment.

For the foregoing reasons, it is **ORDERED** that the plaintiff's Motion to Declare That Defendant International Crisis Group is Not Entitled to Protection Under the District of Columbia Shield Law or the Reporter's Privilege is **DENIED.**[8]

---

6. Additionally, the Court advises the plaintiff that he should not file a motion to extend any deadlines from the Scheduling Order as it will more than likely fail for want of "good cause" at this late juncture in the litigation, i.e., thirteen months after the deposition of Mr. Lyon, six months after the close of fact discovery, and more than a month after all discovery-related motions were due. See, e.g., Dag Enters., Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 105 (D.D.C.2005) (holding that when the deadline for discovery expires, parties are obligated to seek a modification of the Scheduling Order by demonstrating "good cause").

proper, only then would the plaintiff have to exhaust every reasonable alternative source of information. See, e.g., Tripp v. Dep't of Def., 284 F.Supp.2d 50, 59–60 (D.D.C.2003) (resolving discovery dispute about the propriety of invoking the reporter's privilege in response to discovery requests). If the assertions of privilege were baseless, then the plaintiff would not have needed to exhaust every reasonable alternative source of information. See id.

7. It is highly unlikely that the Court would grant a motion by the plaintiff to amend an already amended complaint that was filed in 2005.

8. The plaintiff fails to explain how the All Writs Act, 28 U.S.C. § 1651(a) (2012), saves his motion from denial except to conclusory assert that it can. See Pl.'s Reply at 18 ("[B]e it a declaration, writ, or simple order, [the plaintiff]'s motion is proper and the relief he seeks is within the Court's province to provide."). This is clearly an insufficient basis for the Court to issue a writ, especially since he could have sought the relief he is requesting, but for his lack of compliance with the Scheduling Order. See, e.g., In re GTE Serv. Corp., 762 F.2d 1024, 1026 (D.C.Cir.1985) ("The writ of mandamus is an extraordinary remedy, however, and will usually be denied when the petitioner could have invoked an adequate, ordinary remedy." (emphasis added)).