*562 KAVANAUGH, Circuit Judge,
dissenting in part:
.EPA issued a rule that imposes limits on emissions of hazardous air pollutants by manufacturers of polyvinyl chloride. But EPA later concluded that one category of those limits — the so-called wastewater limits on hazardous air pollutants that may be dissolved in wastewater — was based on bad data. EPA is therefore reconsidering the wastewater limits. EPA says that it will complete the reconsideration process in 2016.
Petitioners, who are manufacturers of polyvinyl chloride, contend that EPA’s flawed wastewater limits should be stayed under 5 U.S.C. § 705, the general Administrative Procedure Act provision authorizing stays pending judicial review. Petitioners are correct. They obviously have demonstrated a likelihood of success on the merits; after all, EPA concedes that the wastewater limits are flawed. And petitioners also have shown irreparable harm — namely, the high costs to comply with the flawed wastewater limits. Moreover, petitioners have precedent on their side: In a similar case in which EPA was reconsidering a concededly flawed rule, we readily granted a stay. See Portland Cement Association v. EPA, 665 F.3d 177, 189 (D.C.Cir.2011) (“We will, however, enter a stay of the NESHAP standards applicable to clinker storage piles. EPA has conceded that it ‘did not give sufficient notice’ of those standards and has granted PCA’s request for reconsideration.... Thus, industry should not have to build expensive new containment structures until the standard is finally determined.”).
Even EPA itself does not oppose, a stay in this case. EPA’s position is telling. Given the circumstances here, as well as our Portland Cement precedent, I would stay the wastewater limits pending judicial review.
To be sure, the Clean Air Act imposes a 3-month limit on stays pending agency reconsideration. See 42 U.S.C. § 7607(d)(7)(B). But Section 705 of the APA authorizes courts to stay agency rules pending judicial review without any time limit on the duration of the stay. See 5 U.S.C. § 705 (reviewing court “may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings”); In re GTE Service Corp., 762 F.2d 1024, 1026 (D.C.Cir.1985) (Section 705 provides “statutory authority to stay agency orders pending review in this court.”).[1] Therefore, in this case, we should issue a stay that remains in effect pending judicial review.
For those reasons, I respectfully dissent from the majority opinion’s decision not to stay EPA’s wastewater limits.[2]

. The Clean Air Act does not displace Section 705, the general APA provision governing stays pending judicial review. The Clean Air Act expressly provides that several provisions of the APA—5 U.S.C. §§ 553-557 and 706—"shall not, except as expressly provided in this subsection, apply to actions to which this subsection applies.” 42 U.S.C. § 7607(d)(1). Section 705 is not on that list. By contrast, Congress has displaced Section 705 in other statutory regimes. Cf. 16 U.S.C. § 1855(f)(1) (fishery management regulations subject to judicial review in accordance with Administrative Procedure Act, but not with Section 705); id. § 3636(c) (Pacific salmon fishing regulations subject to judicial review in accordance with Administrative Procedure Act, but not with Section 705). Had Congress wanted to prevent courts in Clean Air Act cases from issuing stays under Section 705, Congress could have done so.

. Petitioners also challenge EPA’s process vent emissions limits and the compliance and monitoring provisions. I agree with the majority opinion that those claims lack merit.